IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 06-20153-CM |
| ) | |
| **IVORY ROBINSON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant's *pro se* Motion for Relief Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 70.) Defendant argues the Fair Sentencing Act of 2010 ("FSA") and Amendment 750 apply retroactively to reduce the term of his imprisonment. For the following reasons, the court denies defendant's motion.

**I.   Factual and Procedural Background**

On December 30, 2008, defendant pleaded guilty to two counts of a four-count indictment: 21 U.S.C. § 860(a), possession with intent to distribute more than five grams of cocaine base within 1,000 feet of a school; and 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of a firearm. (Doc. 65.) After the court's changes to and adoption of the Presentence Investigation Report ("PSIR"), defendant's total offense level was 28, and his criminal history category was III.[1] Accordingly, the

---

[1] (Statement of Reasons ("SOR") at 1.) The court held defendant accountable for 391.3 grams of marijuana and 32.31 grams of cocaine base. (PSIR ¶ 18.) Pursuant to the sentencing guidelines in effect at the time of sentencing, the 32.31 grams of cocaine base was converted to 646.20 kilograms of marijuana, which resulted in a total of 646.59 kilograms of marijuana. (*Id.*) This provided for a base offense level of 26. (*Id.*) The defendant received a two-level enhancement for possessing a firearm, a two-level enhancement for the offense occurring near a protected location, and a two-level reduction for acceptance of responsibility, for a total offense level of 28. (SOR at 1.)

advisory guideline range provided a term of imprisonment of 97 to 121 months. (*Id.*) On March, 30, 2009, the court sentenced defendant to a term of imprisonment of 110 months. (Doc. 85.) The defendant's term of imprisonment consisted of 110 months for the possession with intent to distribute charge, and 110 months for the felon in possession of a firearm charge, with both sentences running concurrently. (Doc. 69.)

On March, 1, 2011, defendant filed the current motion, seeking a reduction in his term of imprisonment. (Doc. 70.) Specifically, defendant argues his sentence is unlawful based on the FSA, which amended the statutory mandatory minimum sentences for certain crack cocaine offenses, and Amendment 750, which amended the sentencing guideline's offense levels for such offenses. *See* Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010); U.S.S.G. § 1B1.10. Accordingly, defendant argues there is no statutory mandatory minimum sentence applicable to his offense and further claims that, under the amended sentencing guidelines, his applicable guideline range should be 78 to 97 months.

**II.     Legal Standards and Analysis**

    **A.  Statutory Mandatory Minimum Sentence**

In January 2010, at the time of defendant's sentencing, the amount of cocaine base required to implicate the statutory mandatory minimum sentence of 60 months under 21 U.S.C. § 841(b)(1)(B)(iii) was 5 grams. On August 3, 2010, however, the FSA amended 21 U.S.C. § 841(b)(1)(B)(iii) by changing that amount to 28 grams. As a result, the FSA effectively reduced the crack cocaine to powder cocaine ratio from 100:1 to 18:1. *See United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1790 (2011). Defendant argues the court should reduce his sentence based on the FSA's amendments to the statutory mandatory minimum sentences for crack cocaine offenses.

Defendant misinterprets the effect the FSA has on his sentence. Defendant correctly points out in his motion that, under the FSA, the five-year statutory mandatory minimum sentence is not triggered unless an individual possesses 28 grams of cocaine base. Congress, however, did not provide for the FSA to apply retroactively, and therefore, defendant is not entitled to a sentence reduction under the amended ratio. *See United States v. Reed*, 410 F. App'x 107, 111 (10th Cir. 2010).

The Tenth Circuit in *Reed* addressed a similar situation and rejected an appellant's argument that the FSA applied retroactively to reduce his sentence. *Id.* In so concluding, the Tenth Circuit stated, "the general savings statute, 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application." *Id.* (quoting *United States v. Caradine*, 621 F.3d 575, 580 (6th Cir. 2010)). Based on this rationale, the Tenth Circuit has held the FSA contains no provision for retroactivity, and accordingly, applies only to defendants sentenced after August 3, 2010. *See Reed*, 410 F. App'x at 111; *see also Lewis*, 625 F.3d at 1228. Therefore, because the court sentenced defendant in March 2009, before the FSA became effective, the defendant is not eligible for a sentence reduction based on the amended statutory mandatory minimum sentence imposed under 21 U.S.C. § 841(b)(1)(B)(iii).

Moreover, even if the FSA was applicable to defendant, he is still not entitled to a reduction of his sentence. The court held defendant accountable for 32.31 grams of cocaine base and sentenced defendant based on 21 U.S.C. §§ 841(b)(1)(B)(iii) and 860(a), possession with intent to distribute more than five grams of cocaine base within 1,000 feet of a school. Although the FSA increased the amount of cocaine base required to trigger the statutory minimum sentence to 28 grams, defendant still possessed more than the amended amount. Thus, even if the FSA could be applied to defendant's sentence, the 32.31 grams of cocaine base possessed by defendant would still trigger the 60-month statutory mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(B)(iii).

### B. Sentencing Guideline Range

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment where the defendant was sentenced based on the applicable sentencing guidelines and those guidelines are subsequently lowered by the Sentencing Commission. Additionally, any reduction shall be "consistent with the applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission passed Amendment 750, which went into effect on November 1, 2011. Pursuant to § 1B1.10 of the sentencing guidelines, part A of Amendment 750 adjusted the sentencing guidelines by amending the cocaine base amounts in the drug quantity table in § 2D1.1(c). Specifically, the table provides a base offense level depending on the drug quantity attributed to the defendant. U.S.S.G. § 2D1.1(c). Defendant argues Amendment 750 retroactively applies to lower his total offense level and thus, the court should reduce his term of imprisonment based on the amended guideline range.

Unlike the FSA, the Sentencing Commission provided for Amendment 750 to apply retroactively. U.S.S.G. § 1B1.10. However, the sentencing guidelines provide that a retroactive sentence reduction is not consistent with the policy statements if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). To determine whether a defendant is entitled to a sentence reduction, the Supreme Court stated, "[t]he relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" *Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010) (quoting U.S.S.G. § 1B1.10(b)(1)). Therefore, the court must determine to what extent Amendment 750 can lower defendant's applicable guideline range while leaving unaffected any guideline decisions not affected by the amendment.

In his motion, defendant attempts to calculate his amended guideline range.  Defendant argues that, under the amended sentencing guidelines, his possession of 32.31 grams of cocaine base provides for a base offense level of 26.  He then offsets a two-level enhancement for possession of a firearm with a two-level reduction for acceptance of responsibility.  Based on a total offense level of 26 and a criminal history category of III, defendant claims his amended guideline range should be 78 to 97 months.

Starting with a base offense level of 26,[2] the court then applies the applicable adjustments.  Pursuant to §§ 2D1.1(b)(1) and 2D1.2(a)(1) defendant received a two-level enhancement for possession of a firearm and a two-level enhancement because the offense occurred near a protected location.  The defendant also received a two-level reduction for acceptance of responsibility, making defendant's total offense level 28.  None of these adjustments were affected by Amendment 750.  Thus, based on the sentencing guidelines and the Supreme Court's instruction in *Dillon*, the court finds defendant's offense level is exactly the same as the total offense level at the time of sentencing.  U.S.S.G. ch. 5, pt. A.   Accordingly, defendant's total offense level of 28 and criminal history category of III still result in a guideline range of 97 to 121 months.

Therefore, because Amendment 750 does not have the effect of lowering defendant's applicable guideline range, he is not entitled to a sentence reduction pursuant to § 3582(c)(2).

### C.  Appointment of Counsel

Defendant additionally asks the court to appoint counsel on his behalf.  For the purposes of a motion under 18 U.S.C. § 3582, there is no constitutional right to appointed counsel.  *United States v.*

---

[2] Defendant fails to take into account that his base offense level includes the amount of marijuana he possessed.  The court adopted the PSIR, which noted the cocaine base was converted to marijuana pursuant to the sentencing guidelines in place at the time of sentencing.  (PSIR ¶ 18.)  This resulted in a base offense level of 26.  (*Id.*)  Pursuant to U.S.S.G. § 2D1.1 and application note 10(B) and (D) of the amended sentencing guidelines, the 32.31 grams of cocaine base would now be converted to (32.31 g  x 3,571 g) 115.38 kg of marijuana.  Coupled with the 391.3 grams of marijuana already attributed to defendant, the total amount of marijuana becomes 115.77 kg.  Even under the amended guidelines, this still provides for a base offense level of 26.  *See* U.S.S.G. § 2D1.1(c).

*Olden*, 296 Fed. App'x 671, 674 (10th Cir. 2008). Rather, it is in the court's discretion whether to appoint counsel. *Id.* Accordingly, because the court finds defendant is not entitled to a reduction of his sentence, the court finds he is not entitled to appointed counsel. *See id.*

**IT IS THEREFORE ORDERED** that defendant's motion is denied.

Dated this 1st day of May, 2012, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**