IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civ. Case No. 14-2003-CM |
| | ) | Crim. Case No. 06-20153-01-CM |
| v. | ) | |
| | ) | |
| **IVORY A. ROBINSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Ivory A. Robinson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 96). Defendant argues that the motion—filed nearly five years after his sentencing—is timely because it was filed within one year of the date on which the facts supporting his claim could have been discovered through due diligence. According to defendant, these purported new facts prove he is "factually innocent of the crime used to enhance his sentence." (Doc. 103 at 5.) Further, defendant argues he was denied his Sixth Amendment right to a trial by jury because the court increased his offense level at sentencing by converting an amount of currency seized from defendant at the time of the arrest into an equivalent amount of cocaine base. Defendant contends that the drug quantity is an element of the crime that must be found by a jury. Finally, defendant claims that the government failed to prove venue was proper at his sentencing.

The government responds that defendant's motion is procedurally barred because it was not timely filed under § 2255(f). Alternatively, the government submits that all issues are inappropriate for collateral review because they should have been raised on direct appeal.

For the reasons set forth below, the court denies defendant's motion.

I.     **Factual and Procedural Background**

In December 2008, defendant pleaded guilty to:

- possessing with intent to distribute over five grams of crack cocaine within 1,000 feet of a school; and

- being a felon in possession of a firearm.

When defendant was arrested, police found $1,520 in the pocket of a jacket that belonged to defendant. The police seized the money. At sentencing, the court found that the money was from drug sales. The court therefore converted the money to its drug equivalency and used it to calculate defendant's offense level. The court sentenced defendant to 110 months in prison.

In November 2012, defendant filed a motion for return of the seized currency. (Doc. 83.) The government filed a response in December 2012 indicating—among other things—that the money may not have belonged to defendant. (Doc. 86 at 2 ("[D]espite Robinson's self-serving statements, the Government is unaware of any evidence that the U.S. currency belonged to the defendant.").) The court denied the motion, reiterating its finding that the money constituted proceeds from drug sales. (Doc. 88 at 2–3.) The Tenth Circuit affirmed this decision in June 2013. (Doc. 95.) On January 6, 2014, defendant filed the instant motion.

II.    **Legal Standard**

The federal habeas statute authorizes motions to vacate, set aside, or correct a sentence filed by:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. In order to prevail on a § 2255 motion, a defendant must show a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). The court must grant an evidentiary hearing on the motion "[u]nless the motion and

the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). But an evidentiary hearing is not necessary where a defendant's allegations are conclusory in nature rather than statements of fact. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

## III.  Analysis

### A. Timely Filing of the § 2255 Motion

Federal prisoners must file § 2255 motions within a one-year period of limitations, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action . . . is removed . . .; (3) the date on which the right asserted was initially recognized by the Supreme Court . . .; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When a defendant does not timely appeal a conviction or sentence, it becomes "final" for purposes of § 2255(f)(1) at the expiration of the time for filing an appeal, and the one-year period begins running from that date of expiration. *See United States v. Sandoval*, 371 F. App'x 945, 948 (10th Cir. 2010) (citations omitted). This one-year period is "subject to equitable tolling but only 'in rare and exceptional circumstances.'" *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). One such circumstance involves the prisoner showing he is actually innocent. *Id.* For this innocence exception to apply, the prisoner must support his claim with new and reliable evidence not previously presented. *Garza v. Wyo. State Penitentiary Warden*, 528 F. App'x 910, 913 (10th Cir. 2013). This evidence must support a showing "'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013)).

The court sentenced defendant in March 2009. He did not timely appeal, and the one-year period of limitation under § 2255 therefore began in April 2009 and closed in April 2010. Defendant's current motion is untimely.

Defendant argues that the government, in its brief opposing the motion for return of property, admitted that the currency used to increase defendant's sentence did not belong to defendant. Defendant contends that this information shows actual innocence because his sentence was wrongfully increased based on the currency's drug equivalency.

There are at least four reasons that defendant is wrong. First, the currency was found in defendant's jacket. In his objection to the presentence investigation report, defendant specifically stated that he did not deny the money was his. And in his motion to return property, defendant represented that "Mr. Robinson is the sole owner of the currency at issue in this motion." (Doc. 83 at 3.) It is disingenuous for defendant to now suggest that the currency was not his.

Second, even if the currency did not belong to defendant, the court still could have counted it for purposes of defendant's sentencing. It is possession—not ownership—that matters. *Cf. United States v. Sowell*, No. 99-6187, 2000 WL 1480431, at *2 (10th Cir. Oct. 6, 2000) (noting, in a conspiracy case, that "in calculating a defendant's base drug possession amount at sentencing, the district court is not limited to drugs that were personally owned or handled by the defendant" (citing *United States v. Cruz Camacho*, 137 F.3d 1220, 1225 (10th Cir. 1998)). Because the money was in the pocket of defendant's jacket, it was reasonable to find that defendant possessed the currency.

Third, the government's statement suggesting that the money may not have belonged to defendant does not constitute new and reliable evidence. *See Garza*, 528 F. App'x at 913. In fact, the court specifically rejected this argument by the government when ruling on the motion for return of property. (Doc. 88 at 3.)

Fourth, even if the government's statement in its response to the motion for return of property constituted new evidence, the government filed its response in December 2012.  Defendant filed the instant motion in January 2014—more than one year after receiving the allegedly new information.  Defendant's motion is therefore untimely even using subsection (4) of § 2255(f).

For all of these reasons, defendant has failed to make a showing to overcome the procedural bar under § 2255(f).

### B. Sixth Amendment Right to Trial by Jury

Defendant also argues that he was denied his Sixth Amendment right to a trial by jury at his March 2009 sentencing because a jury did not find that the currency belonged to him.  Defendant argues that this was an element of the offense that must be found by a jury—an argument that likely stems from a recent Supreme Court decision, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), (although defendant does not specifically reference *Alleyne*).  While *Alleyne* did "set forth 'a new rule of constitutional law,'" this rule does not apply retroactively to collateral reviews.  *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013) (quoting *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013)).  The principles announced in *Alleyne* do not offer defendant relief.

### C. Lack of Jurisdiction

Finally, defendant argues that the government failed to prove venue was proper at the sentencing.  Defendant adds no factual basis or rationale for this claim.  Defendant's argument is conclusory and fails to present a valid basis for relief.

## III.   Conclusion

### A. Evidentiary Hearing

The record before the court conclusively shows that defendant is not entitled to relief.  Accordingly, no evidentiary hearing is required.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th

Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

### B. Certification of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued.

Dated this 12th day of June 2014, at Kansas City, Kansas.

>   **s/ Carlos Murguia**
>   **CARLOS MURGUIA**
>   **United States District Judge**